# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLANIYAN ADEFUMI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 09-586 |
| | ) | |
| THE CITY OF PHILADELPHIA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                                                                              **March 29, 2011**

Before the Court is a Defendant City of Philadelphia's Motion to Dismiss pro se Plaintiff Olaniyan Adefumi's complaint. For the reasons set forth below, the Court will dismiss Plaintiff's Complaint.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

In February and March of 2009, Mr. Adefumi filed a Complaint and Amended Complaint with this Court bringing claims against the City of Philadelphia for racial and gender discrimination and violations of the Americans with Disabilities Act.[1] Mr. Adefumi alleges that while he was employed by the Free Library of the City of Philadelphia in 1997, he was subject to harassment by a female worker. The co-worker allegedly "loudly made negative remarks against

---

[1] Compl. at 2–3 [doc. no. 4]; Am. Compl. at 3 [doc. no. 9]. Mr. Adefumi filed two complaints. The first, including more facts, was dismissed because Mr. Adefumi failed to sign it.

As Mr. Adefumi is proceeding pro se, the Court must construe his complaint liberally. Renchenski v. Williams, 622 F.3d 315, 337 (3d Cir. 2010). In the interests of doing so, the Court will consider facts alleged in both the unsigned and later signed complaint.

men, especially black men and used the 'n' word."[2] This female co-worker also discouraged Mr. Adefumi's fundraising bicycle trips that took him through the South, because she though racially intolerant groups might attack him.[3] Mr. Adefumi complained to Library management about the co-worker's conduct and was told to put his complaint in writing.[4] Thereafter, management required Mr. Adefumi to undergo a mental health evaluation, which found he was "healthy."[5] Still, Mr. Adefumi alleges that management wanted to terminate his employment.[6]

In September of that year, Mr. Adefumi was traveling by bicycle from Montreal, Canada to Mexico when he was struck by a vehicle in Baton Rouge, Louisiana.[7] Mr. Adefumi was severely injured, and a doctor reported that Mr. Adefumi "mostly likely will be permanently disabled."[8] Mr. Adefumi attempted to return to work on December 11, 1997.[9] He alleges that though he was fully recovered, he was terminated after ten years' of employment because the City believed he was permanently disabled, and due to "sexism and racism."[10] Mr. Adefumi was

---

[2] Compl. at 1 (alleging that the co-worker said "[m]en don't want to work a full time job plus [a] part-time job to take care of their families," and that "[m]ost black men don't work"); Am. Compl. at 2.

[3] Am. Compl. at 2.

[4] Compl. at 1

[5] Compl. at 1.

[6] Compl. at 1.

[7] Compl. at 2; Am. Compl. at 2.

[8] Compl. at 2.

[9] Compl. at 2.

[10] Compl. at 2; Am. Compl. at 3.

apparently involuntarily retired and given a disability pension.[11] Without sufficient income, Mr. Adefumi lost two homes he owned and was homeless for a period of time.[12]

According to the Complaint, at some point after the accident, Mr. Adefumi was examined by a Dr. Hayes, presumably at the behest of the City of Philadelphia.[13] After what Mr. Adefumi alleges was an inadequate evaluation involving only a few questions, Dr. Hayes concluded that Mr. Adefumi was permanently disabled.[14]

In 2001, Mr. Adefumi filed his first suit against the City of Philadelphia in the Eastern District of Pennsylvania. In 2003, that litigation, before the Honorable Eduardo C. Robreno, discussed at greater length *infra*, was dismissed with prejudice on the City's motion for summary judgment.[15]

In 2007, Mr. Adefumi filed a second action in this Court, which upon agreement of the Parties, was sent to mediation.[16] In that Complaint, Mr. Adefumi, also proceeding pro se, challenged Dr. Hayes's medical evaluation as false, biased, and unscientific and sought a

---

[11] Compl. at 3.

[12] Compl. at 3; Am. Compl. 3.

[13] Compl. at 3.

[14] Compl. at 3. It is unclear from the complaint whether this evaluation by Dr. Hayes was conducted prior to Mr. Adefumi's termination or afterward when Mr. Adefumi sought reinstatement.

[15] Adefumi v. City of Philadelphia, Free Library, No. 01-5565, 2003 WL 21956417 (E.D. Pa. July 17, 2003).

[16] Order Referring Matter to Wells J. for Mediation, July 7, 2008, Adefumi v. City of Philadelphia, Free Library, No. 07-02160 (E.D. Pa.) (Rufe, J.).

reevaluation.[17] During the mediation process, the Parties agreed that Mr. Adefumi would again undergo an evaluation by Dr. Hayes to determine his condition.[18] In October 2008, the matter was dismissed for statistical purposes and all outstanding motions were dismissed as moot.[19]

Then, in early 2009, Mr. Adefumi filed the pending complaint alleging race and gender discrimination and violations of the ADA, and seeking relief in the form of replacement of the two homes he lost after he was terminated as well as back pay. In addition to the allegations about the events occurring in 1997 and 1998 cited above, Mr. Adefumi asserts that when he was reevaluated by Dr. Hayes pursuant to the Parties' agreement during the prior mediation in the 2007 litigation, Dr. Hayes reported to him that "the reason[] why [Dr. Hayes] stated that [Mr. Adefumi] will be permanently disabled was because he wanted [Mr. Adefumi] to collect from the Social Security's Disability fund."[20] As in the 2007 matter brought by Mr. Adefumi, the Parties agreed to mediation. Because that process has not produced results satisfactory to either Party, the Court proceeds to consider the City's Motion to Dismiss.

## II. DISCUSSION

The City has moved to dismiss this matter on grounds that Mr. Adefumi's claims are precluded by Judge Robreno's 2003 decision dismissing Mr. Adefumi's case, and that his

---

[17] Compl. at 1–2, Aug. 17, 2007 [doc. no. 6], Adefumi v. City of Philadelphia, Free Library, No. 07-02160 (E.D. Pa.) (Rufe, J.).

[18] Order for Delivery of Medical Records, Aug. 18, 2008, Adefumi v. City of Philadelphia, Free Library, No. 07-02160 (E.D. Pa.).

[19] Order Dismissing Case, Oct. 22, 2008; Order Dismissing Motions as Moot, Mar. 16, 2009, Adefumi v. City of Philadelphia, Free Library, No. 07-02160 (E.D. Pa.).

[20] Compl. at 3.

Complaint is time-barred. Despite this Court's considerable sympathy for Mr. Adefumi's unfortunate circumstances and its efforts to encourage a satisfactory mediated resolution here, it finds that, even after construing his complaint liberally and accepting Plaintiff's alleged facts as true and viewing them in the light most favorable to him,[21] the issues now raised by Mr. Adefumi's complaint are barred by the prior litigation. Mr. Adefumi brings claims for race, gender and disability discrimination based on precisely the same set of events giving rise to the same claims as those found in his 2001 complaint that was dismissed by Judge Robreno. Thus, he is precluded from relitigating them here. Moreover, the Court can find no legal basis for reopening this matter based on Mr. Adefumi's allegations as to Dr. Hayes's statement regarding his motivation for making the earlier diagnosis.

### A.     Claim Preclusion

"[C]laim preclusion bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit."[22] A claim is precluded where there has been a final judgment on the merits in a prior suit involving the same parties and the subsequent suit is based on the same cause of action.[23] Claims are based on the same cause of action if the underlying events giving rise to the various legal claims are essentially the same.[24] Both claims

---

[21] Rocks v. City of Phila., 868 F.2d 644, 645 (3d Cir.1989).

[22] Duhaney v. Attorney General of U.S., 621 F.3d 340, 347 (3d Cir. 2010) (citing In re Mullarkey, 536 F.3d 215, 225 (3d Cir.2008)).

[23] Id.

[24] Id. at 348.

previously brought and those that could have been brought in the prior action are barred.[25] Under this standard, Mr. Adefumi's pending claims are barred.

A comparison of the pending case with the 2001 case shows that the parties, operative facts, allegations, and claims are identical. Briefly summarized,[26] in the 2001 action, Mr. Adefumi alleged that in 1997, he was an employee of the Philadelphia Free Library, and that beginning early that year continuing for the duration if his employment with the Library, he was subject to derogatory comments regarding his race and gender by certain co-workers. Specifically, Mr. Adefumi alleged that an African-American female co-worker made derogatory comments directed in general towards black men, such as that "black men are lazy" and do not adequately provide for their families. Thereafter, Mr. Adefumi complained to Library management. In September of the same year, while on vacation and bicycling through Louisiana, Mr. Adefumi was struck by a vehicle, suffered severe head trauma, and was treated at Temple University Hospital. On November 11, 1997, one of his treating physicians, Dr. Raj K. Narayan, indicated that it was uncertain whether Mr. Adefumi would ever be able to return to work. Mr. Adefumi claimed that, by early 1998, he had fully recovered, was able to return to work and thus requested reinstatement. Instead, he was involuntarily retired from the Library under the Non-service Disability Clause of the Civil Service Pension Plan on March 5, 1998. When Mr. Adefumi renewed his request for reinstatement, the Library asked the City's medical doctor, Dr. George Hayes about Plaintiff's ability to return to work. After a review of Mr. Adefumi's medical records, including records of his treatment after the September 1997

---

[25] Id. at 347.

[26] See Adefumi, 2003 WL 21956417 at *1–2.

bicycling accident, Dr. Hayes diagnosed him as permanently disabled.[27]

In November 2001, Mr. Adefumi filed claims for : (1) gender and race discrimination in violation of Title VII; (2) retaliatory termination in violation of Title VII; (3) unlawful termination in violation of the American Disabilities Act ("ADA"); and (4) hostile work environment. The Library alleged that the decision to terminate Mr. Adefumi, and the subsequent decision not to reinstate him, was based on the belief, given the medical opinions expressed by Dr. Narayan and Dr. Hayes, that Mr. Adefumi was no longer able to perform his employment duties as a Library Assistant II.

After discovery, Judge Robreno granted summary judgment for the City on every claim and dismissed the matter with prejudice.[28] In particular, as to the race and gender discrimination claims under Title VII, Judge Robreno found that Mr. Adefumi had failed to present evidence sufficient to support a prima facie case of discrimination and had failed to rebut as pretextual the City's proferred non-discriminatory reasons for terminating him. Thus the City was entitled to judgment as a matter of law on those claims.[29] As to the ADA claim, the court found that Mr. Adefumi had failed to present evidence sufficient to establish that he was a qualified person with a disability as required under the ADA because he failed to provide evidence that he could carry

---

[27] The memorandum opinion in the 2001 litigation states two dates for the Hayes diagnoses: March 17, 1998 and March 17, 2003. The correct date appears to be March 17, 1998. See id. at *5.

[28] Id. at *3–8.

[29] Id. at *3–6.

out his prior duties at the Library.³⁰  Summary judgment was affirmed by the Third Circuit.³¹

The operative facts underlying the claims in the this litigation—Mr. Adefumi's treatment by his co-worker in 1997 and post-accident termination—are based on the same cause of action as the 2001 litigation and are brought against the same party—the City of Philadelphia. And though less clearly pleaded in his pro se Complaints in this action, construed liberally, Mr. Adefumi is alleging race and gender discrimination and a violation of the ADA—claims identical to three of the five claims raised and dismissed with prejudice in the 2001 litigation. Because the 2001 claims were decided by a final and valid judgment on the merits, that determination is conclusive as to the pending claims.³²  Mr. Adefumi's claims are thus barred by the doctrine of claim preclusion.

**B.     Newly Discovered Evidence**

Mr. Adefumi does not deny that he raises the same issues and claims here. But he argues that there is an additional fact that merits consideration: the alleged new evidence of Dr. Hayes's dishonesty.³³  Liberally construing Mr. Adefumi's Complaint, he appears to be seeking to re-open his case under Rule 60 of the Federal Rules of Civil Procedure on the basis of this new evidence. Even so construed, Plaintiff's Complaint must still be dismissed.

---

³⁰ Id. at *7.

³¹ Adefumi v. City of Philadelphia, Free Library, 122 F. App'x 552 (3d Cir. Oct 29, 2004).

³² See, e.g., Hubicki v. ACF Indus., Inc., 484 F.2d 519, 524 (3d Cir. 1973) (holding that "the law is clear that summary judgment is a final judgment on the merits") (internal citations omitted).

³³ See Pl.'s Resp. to Def.'s Mot. to Dismiss [Doc. No. 26].

Rule 60(b) states:

On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

(1)   mistake, inadvertence, surprise, or excusable neglect;

(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . .;

(3)   fraud (whether . . . intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)   the judgment is void;

(5)   the judgment has been satisfied released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)   any other reason that justifies relief.

"[R]ule 60(b) provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances."[34] In this case, the only subsections potentially applicable to Mr. Adefumi are Rule 60(b)(2), (b)(3), and (b)(6). Under Rule 60(b)(2), the newly discovered evidence of Dr. Hayes's alleged dishonesty must not have been discoverable, with reasonable diligence, in time to move for a new trial. Mr. Adefumi was represented by an attorney in the 2001 action, and surely had an opportunity to take Dr. Hayes's deposition, press him on his motivation for his diagnosis, and discredit his findings. Morever, Mr. Adefumi could have asked to see, or could have independently seen, a different doctor to dispute Dr. Hayes's findings during the relevant time period. Finally, Mr. Adefumi does not allege that there was any effort

---

[34] Mayberry v. Maroney, 529 F.2d 332, 335 (3d Cir. 1976) (internal quotations and citations omitted).

by the City or anyone else to prevent Dr. Hayes from revealing his alleged true motivations such that deposing Hayes on that question would have been futile. Indeed, Dr. Hayes apparently volunteered this information to Mr. Adefumi during the 2008 examination. But even assuming that Plaintiff could not have discovered the new information with reasonable diligence, he would still find no relief under this Rule, because a motion for relief from a judgment based on Rule 60(b)(1)-(3) must be filed within one year of the judgment.[35] Since judgment in Mr. Adefumi's case was entered in 2003, and affirmed in October 2004, any relief under Rule 60(b)(2) or (b)(3) is now time barred.[36]

Though there is no such time restriction for a motion under Rule 60(b)(6), that provision allows for a re-opening of a case only if Plaintiff shows "any . . . reason justifying relief from the operation of the judgment *other than* the more specific circumstances set out in Rules 60(b)(1)–(5)."[37] Because Mr. Adefumi's allegations would be covered by Rule 60(b)(2) or (b)(3), a motion for relief under Rule 60(b)(6) is not cognizable.[38]

---

[35] See Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

[36] Rule 60(b)(3) would otherwise be unavailing because the Mr. Adefumi must show that "the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." Stridiron v. Stridiron, 698 F.2d 204, 206-07 (3d Cir.1983). Here, Mr. Adefumi has not alleged that the City was aware of or induced Dr. Hayes's statement.

[37] Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (internal quotations and citations omitted) (emphasis added); accord Wyatt v. DiGuglielmo, No. 07-5493, 2008 WL 2790206, at *3 (E.D. Pa. July 18, 2008).

[38] See Wyatt, 2008 WL 2790206 at *3; Woodard v. Vaughn, No 07-5316, 2008 WL 2945382, at *3 (E.D. Pa. July 30, 2008); Konigsberg v. Sec. Nat'l Bank, 66 F.R.D. 439, 442 (S.D.N.Y. 1975) (citations omitted).

Nor can Rule 60(d) provide Mr. Adefumi with relief. That rule grants the court power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

Here, subsections (d)(1) and (d)(3)–the only subsections that potentially apply—are unavailing. To entertain an independent action under Rule 60(d)(1), Mr. Adefumi must show that it would be a grave miscarriage of justice to allow the judgment to stand,[39] and that there was no "opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action."[40] Mr. Adefumi cannot meet this onerous burden. He had ample opportunity to present his original case to the Court, and has not presented any facts suggesting he was prevented from doing so. As discussed *infra*, the evidence Mr. Adefumi is now attempting to bring to the consideration of this Court could have been discovered with due diligence, permitting a timely motion to vacate the final judgment in Mr. Adefumi's first case pursuant to either Rule 60(b)(2) or (b)(3) within one year from the date the judgment was entered. "[I]t is fundamental that equity will not grant relief if the complaining party has, or by exercising proper diligence would have had, an adequate remedy at law, or by proceedings in the original action . . .

---

[39] Opals on Ice Lingerie v. Bodylines, Inc., 425 F. Supp. 2d 286, 289 (E.D.N.Y. 2004) (internal quotations omitted). "The requirement that the underlying judgment be 'manifestly unconscionable' 'preserves a balance between serving the ends of justice and ensuring that litigation reaches an end within a finite period of time.' " Id. at 290 (internal citations omitted).

[40] Gleason v. Jandrucko, 860 F.2d 556, 560 (2d Cir. 1988) (internal quotations omitted).

to open, vacate, modify, or otherwise obtain relief against, the judgment."[41]  Consequently, the credibility and veracity of Dr. Hayes cannot now be challenged by way of an independent action.[42]  Moreover, any allegations of fraud upon the court under Rule 60(d)(3) will also be meritless because the conduct alleged does not rise to the appropriate level of egregiousness necessary for such a claim.[43]  Accordingly, this Court cannot find that the new allegations regarding Dr. Hayes's motivation during his 1998 diagnosis permit it to reopen this matter.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint with prejudice.  An appropriate order follows.

---

[41]  Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 662 (2d Cir. 1997) (internal quotations and citations omitted).

[42]  See Gleason, 860 F.2d at 559; see also Marshall v. Holmes, 141 U.S. 589, 596 (1891).

[43]  See, e.g., Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245–46 (1944), *overruled on other grounds as recognized by* Standard Oil Co. of Cal. v. United States, 429 U.S. 17, 18 (1976); United States v. Int'l Tel. & Tel. Corp., 349 F. Supp. 22, 29 (D. Conn. 1972) (discussing a claim for "fraud on the court," and stating that "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court.  Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.") (citations omitted); In re Lawler, 50 B.R.110, 115 (N.D. Tex. 1985) (noting the difference between fraudulent misrepresentations and fraud on the court, stating that relief is not given under this subsection to fraudulent misrepresentations because "with respect to fraudulent misrepresentations made by a witness, counsel for the adverse party has ample opportunity . . . to impeach the witness, present controverting evidence, and otherwise bring the fraudulent conduct to the attention of the Court.").